**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:23-CR-00198 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| SOLOMON J. STALLINGS, | ) | **ORDER RESOLVING DEFENDANT'S** |
| | ) | **SECOND MOTION TO SUPPRESS (ECF** |
| Defendant. | ) | **NO. 64)** |

On June 9, 2025, this Court denied Defendant's first motion to suppress (ECF No. 35), concluding that the warrant-issuing judge had probable cause to issue four search warrants in this matter based on four warrant affidavits:  GPS Affidavit #1 (dated November 8, 2022), GPS Affidavit #2 (dated December 20, 2022), the Grant Street Affidavit (dated February 1, 2023), and the Comet Lane Affidavit (also dated February 1, 2023).  (ECF No. 46).  Since that Order, Defendant obtained new counsel, and he filed a second motion to suppress.  (ECF No. 64). Defendant's pending motion challenges whether the Grant Street and Comet Lane Affidavits provided probable cause for issuance of the associated search warrants for those locations.  (*Id.*). The Government opposed Defendant's motion, noting that this Court's June 9, 2025 Order is law of the case.  (ECF No. 66).  Defendant did not file a reply.

Defendant claims that the reliability of the confidential informants described in the Grant Street Affidavit were not adequately established.  (ECF No. 64, PageID #337–41).  The Court addressed that argument in its June 9, 2025 Order.  (ECF No. 46, PageID #185–87).  Defendant also contends that the Comet Lane Affidavit contains no nexus between the place to be searched

1

and the alleged criminal activity.  (ECF No. 64, PageID #343–44).  The Court addressed that argument in its June 9, 2025 Order as well.  (ECF No. 46, PageID #187–88).

The Court determined that the Grant Street and Comet Lane Affidavits "contained a substantial basis for the issuing judge's probable cause determination."  (*Id.* at PageID #189).  Under the law-of-the-case doctrine, this Court will not reconsider a matter once resolved unless its initial decision was "clearly erroneous and would work a manifest injustice."  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988); *Howe v. City of Akron*, 801 F.3d 718, 739 (6th Cir. 2015).  Defendant's second motion to suppress does not acknowledge the June 9, 2026 Order, let alone argue that it was clearly erroneous or wrongly decided.

The Court has already concluded that the Grant Street and Comet Lane Affidavits each provided probable cause for the issuance of search warrants as to each location.  (ECF No. 46).  That conclusion is the law of this case.  Accordingly, Defendant's Motion to Suppress is **DENIED**.

**IT IS SO ORDERED.**

**Dated June 1, 2026**

**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**

2